USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KIRKPATRICK B. DUNBAR,         :
                               :
                Plaintiff,   :
                               :       1:19-cv-5176-GHW
      -against-               :
                               :       ORDER
BUDDHA BODAI TWO KOSHER        :
VEGETERIAN RESTAURANT, INC. and BAK   :
LEE TAT INTERNATIONAL, INC.,   :
                               :
               Defendants.   :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      Plaintiff commenced this action on June 3, 2019, alleging that the Bodhi Kosher Vegetarian Restaurant, owned and operated by Defendants, was not in compliance with the Americans with Disabilities Act Accessibility Guidelines and in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. Dkt. No. 1. Defendants failed to appear, and Plaintiff moved for default judgment. *See* Dkt. Nos. 7, 14. On November 24, 2020, the Court granted Plaintiff's motion in part and ordered Defendants to pay $6,443.00 in damages and fees, but deferred the entry of injunctive relief until it had more information on whether the modifications Plaintiff sought were "readily achievable," as required by the Americans with Disabilities Act. Dkt. No. 21.

      Counsel for defendant Buddha Bodai Two Kosher Vegetarian Restaurant ("Buddha Bodai Two") appeared in this case on January 7, 2021. Dkt. No. 26. The Court understands that Plaintiff and both defendants have reached a resolution of Plaintiff's claims. Dkt. No. 31. Pursuant to the parties' agreement, Buddha Bodai Two has satisfied the Court's award of monetary damages and Defendants have agreed to modifications to the property, resolving the only outstanding issue before this Court. The parties' agreement permits Plaintiff to file an action to obtain specific performance in the event of non-compliance with its terms, and provides for the reimbursement of

attorney's fees, costs and expenses in connection with any such action. *Id.* While styled as a "Consent Decree," the terms of parties' agreement do not require any action by the Court. Accordingly, the Court declines to "So Order" the parties' private agreement, and orders that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

    Counsel for Plaintiff is directed to serve this order on Defendant Bak Lee Tat International, Inc. and retain proof of service.

    The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case.

    SO ORDERED.

Dated: March 9, 2021  
New York, New York

                                                 GREGORY H. WOODS  
                                               United States District Judge